1  GERGOSIAN & GRALEWSKI LLP
   EDWARD M. GERGOSIAN (105679)
2  ROBERT J. GRALEWSKI, JR. (196410)
   655 West Broadway, Suite 1410
3  San Diego, CA 92101
   Telephone: (619) 237-9500
4  Facsimile: (619) 237-9555
   Email: ed@gergosian.com
5  Email: bob@gergosian.com

6  Michael J. Flannery
   CAREY & DANIS, LLC
7  8235 Forsyth Boulevard, Suite 1100
   St. Louis, MO 63105
8  Telephone: 314-725-7700
   Facsimile: 314-721-0905
9  Email: mflannery@careydanis.com

10  *Attorneys for Plaintiff*

11

12              UNITED STATES DISTRICT COURT

13            SOUTHERN DISTRICT OF CALIFORNIA

14  ERINN TOZER, on behalf of herself and all      Case No.
    others similarly situated,
15                                                  CLASS ACTION COMPLAINT

16                          Plaintiffs,

17        vs.

    GAIAM, INC.
18

19                          Defendants.

20

21

22

23

24

25

26

27

28

FILED
09 OCT 26 PM 12:51
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY:                     DEPUTY

'09 CV 2388 LAB   WMc

Plaintiff Erinn Tozer (hereafter "Plaintiff"), brings this action individually and on behalf of a nationwide class of similarly-situated consumers who purchased Gaiam reusable aluminum bottles that unbeknownst to her contain Bisphenol A ("BPA"), an industrial chemical that mimics estrogen and has raised health concerns in the United States and other countries. In support of her claims, Plaintiff, on personal information as to herself and on information and belief based upon the investigation of counsel as to all other matters, alleges as follows:

## INTRODUCTION

1. Plaintiff and the members of the class paid more for Gaiam reusable aluminum bottles than other available alternatives because they reasonably believed – based on affirmative misrepresentations and omissions by Gaiam - that the bottles were BPA-free.

2. Indeed, Gaiam has marketed and sold its reusable aluminum bottles as being BPA-free and a healthy alternative to plastic bottles that may leach BPA.

3. In fact, Gaiam's reusable aluminum bottles contain BPA and that BPA does leach.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this nationwide class action pursuant to 28 U.S.C. § 1332 as amended by the Class Action Fairness Act of 2005 because the matter in controversy exceeds $5,000,000, exclusive of interest and costs, and is a class action in which some members of the Class are citizens of states different than Defendant. *See* 28 U.S.C. § 1332(d)(2)(A).

5. This Court has personal jurisdiction over Defendant because Defendant transacted business throughout the United States, including in this District, in that it sold Gaiam reusable aluminum bottles throughout the United States, including in this District, and had substantial contacts with the United States, including in this District.

6. Venue is proper under 28 U.S.C. § 1391(a) because Defendant does business in this district, Plaintiff resides in this district and purchased Gaiam reusable aluminum bottles in this district.

CLASS ACTION COMPLAINT

1

**PARTIES**

2      7.    Plaintiff Erinn Tozer is a resident of San Diego County. She purchased two Gaiam

3  reusable aluminum bottles from a Target retail location in San Diego County. As a result of the

4  unlawful conduct alleged herein, Plaintiff has been injured in her business or property.

5      8.    Defendant Gaiam, Inc. ("Defendant" or "Gaiam") is a corporation with its principal

6

7  place of business in Louisville, Colorado. Defendant Gaiam sells reusable aluminum bottles throughout

8  the United States and the state of California.

9      9.    All acts alleged in this Complaint to have been done by Defendant were performed by

10  its officers, directors, agents, employees or representatives while engaged in the management,

11  direction, control or transaction of Defendant's business affairs.

12

**CLASS ACTION ALLEGATIONS**

13

14      10.    Plaintiff brings this action on behalf of herself and as a class action under the

15  provisions of Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure on behalf of all

16  members of the following Class:

17      All persons and entities in the United States who, between October 26, 2005 and the present, purchased a Gaiam reusable aluminum bottle for personal use and not for

18  resale. Excluded from the Class are Defendant, its parent companies, subsidiaries and affiliates and all governmental entities.

19

20      11.    Although Plaintiff does not know the exact number of Class members because such

21  information is in the exclusive control of Defendant, due to the nature of the trade and commerce

22  involved, Plaintiff believes that there are, at a minimum, tens of thousands of members in the class

23  as defined. Accordingly, the Class is so numerous and geographically dispersed that the joinder of

24  all members is impracticable.

25      12.    There are questions of law and fact common to the Class, including:

26      a.    Whether Gaiam concealed the presence of BPA in its reusable aluminum bottles;

27

28

    CLASS ACTION COMPLAINT

b.   Whether Gaiam engaged in unfair, false, misleading, or deceptive acts or practices regarding its marketing and sale of its reusable aluminum bottles;

c.   Whether the Class is entitled to injunctive and other equitable relief, including restitution and disgorgement, and if so, the nature of such relief;

d.   Whether the Class is entitled to compensatory damages, and if so, the amount of such damages; and

e.   Whether Gaiam is liable for punitive damages, and if so, the amount of such damages.

13.   Plaintiff's claims are typical of the claims of the Class members, and Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff purchased Defendant's reusable aluminum bottles, and her interests are entirely consistent with, and not antagonistic to, those of the other members of the Class.

14.   Plaintiff is represented by counsel who are competent and experienced in the prosecution of consumer and class action litigation.

15.   Prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications, establishing incompatible standards of conduct for Defendant .

16.   Defendant has acted or refused to act on grounds generally applicable to the class, thus making injunctive or declaratory relief appropriate here.

17.   There are questions of law and fact, including legal and factual issues relating to liability and damages, common to the members of the Class that predominate over any questions affecting only individual members. Moreover, a class action is superior to other available methods for the fair and efficient adjudication of this controversy. The Class is readily definable, and prosecution as a class action will eliminate the possibility of repetitious litigation. Treatment as a class action will permit a large number of similarly situated persons to adjudicate their common

CLASS ACTION COMPLAINT

1   claims in a single forum simultaneously, efficiently, and without the duplication of effort and

2   expense that numerous individual actions would engender.  Neither Plaintiff nor her counsel are

3   aware of any difficulties in management that would preclude maintenance as a class action.

### FACTUAL ALLEGATIONS

5   18.     Gaiam, Inc., began operations in 1988 in Boulder, Colorado. Gaiam, Inc., and

6

7   positioned itself as an earth-conscious company.  It markets and sells its products, including its

8   reusable aluminum bottles, as being eco-friendly and a healthy lifestyle solution to its consumers.

9   Gaiam's aluminum bottles have become increasingly popular with consumers over the last several

10  years.

11  19.     The increasing popularity of Gaiam's reusable aluminum bottles has developed in

12

13  part as a result of United States consumers' efforts to find safe alternatives to plastic bottles and

14  alternatives to bottles that contained BPA.  BPA is a manufactured chemical compound commonly

15  used in the production of plastics and epoxy resins.  BPA has been found to affect the development

16  of animals by acting like the hormone estrogen.  According to the National Institutes of Health,

17  neonatal exposure to low levels of BPA has also been shown to cause cancerous growths.

18  20.     Media reports and government agencies in 2007 and 2008 expressed concern about

19  the possibility that BPA could be hazardous to human health.  For example, in the fall of 2007, the

20  National Toxicology Program ("NTP") (an interagency federal government program) issued a brief

21

22  on BPA based on a report of an expert panel on BPA ("NTP Brief").  The NTP Brief discussed the

23  reproductive and developmental hazards associated with exposure to BPA. The NTP Brief was peer

24  reviewed in 2008.  Among the NTP's conclusions regarding BPA is that it had "some concern for

25  effects on the brain, behavior, and prostate gland in fetuses, infants, and children at current human

26  exposures to bisphenol A." (niehs.nih.gov website.) One of the NTP's recommendations to prevent

27  exposure to BPA is to use baby bottles that are BPA-free.  Even today Congress is considering a bill

28

- 4 -                                         CLASS ACTION COMPLAINT

1   to prohibit the manufacture, sale, or distribution of children's food and beverage containers

2   composed of BPA (S.753 BPA-Free Kids Act of 2009).

3          21.    Gaiam has benefited financially from the public's concerns regarding BPA and

4   consumers' desire to purchased BPA-free products.

5          22.    Gaiam directly and indirectly misrepresented that its reusable aluminum bottles were

6

7   BPA-free when in fact the bottles never were and still are not "BPA-free."  The Gaiam bottles cost

8   significantly more than comparable plastic bottles but were seen as worth the added cost by

9   consumers who wanted to avoid products that contained and/or could potentially leach BPA.

10  Indeed, Gaiam was aware that consumers believed its bottles to be BPA-free and did nothing to

11  change this generally held belief among consumers.

12
          23.    For example, in its Spring 2009 catalog describing its reusable aluminum water
13
    bottles, Gaiam represented that "[o]ur BPA-free aluminum water bottle keeps your water clear and
14
    fresh, while keeping disposable water bottles out of landfills."
15

16         24.    In its Fall 2009 catalog describing its aluminum water bottles, Gaiam removed

17  representations that its aluminum water bottles were "BPA-free," but noticeably failed to inform

18  consumers that Gaiam reusable aluminum bottles do in fact contain BPA.

19         25.    As late as September 25, 2009, the "product description" tab on Gaiam's website for

20
    its bottle with "Rocky Mountain" graphics, amongst others, represented that its "[r]eusable, leak-
21
    proof aluminum bottles keep your water free from harmful plastic residues."  Under the "product
22
23  story" section of the site, Gaiam again represented that "[w]hen you use an aluminum bottle, your

24  water remains free of unhealthy plastic residues" and that after testing "no detectable levels of BPA

25  were found in the gasket, the cap or the coating material."

26         26.    And, earlier this year, sometime in March, Janet Forgrieve – a blogger funded by

27
    Gaiam – discussed the health risks associated with BPA in plastic water bottles on the official
28

CLASS ACTION COMPLAINT

Gaiam website. She advised: "[y]ou can avoid plastics altogether with a reusable stainless steel or aluminum water bottle." She further admonished readers "[t]o do right by both your health and your planet, grab a BPA-free reusable water bottle made of the most eco-friendly material you can find."

27.     Then, sometime between September 30, 2009 and October 7, 2009, by quietly adding information to its retail website, Gaiam admitted – after earlier representing that its bottles were BPA-free – that independent lab tests had revealed BPA leaching levels at 23.8 parts per billion in its reusable aluminum bottles. Despite this, Gaiam has not changed the written representations on its reusable aluminum bottles guaranteeing consumers that by using Gaiam's bottles, "your water remains free of unhealthy plastic residues."

28.     During the class period, Plaintiff Tozer purchased two Gaiam reusable aluminum bottles from Target. Prior to purchasing the bottles, which she has since stopped using after learning that they contain BPA, she had become aware that plastic bottles could leach chemicals into the contents of the bottles. Wanting to be safe and wanting to eliminate any possibility that harmful toxins could leach into the contents of her portable bottles, Plaintiff purchased the Gaiam bottles. Had Gaiam disclosed that the bottles contained BPA in any amount, Plaintiff Tozer would not have purchased the bottles regardless of any claims concerning leaching or not. Instead she would have opted for an alternative - glass or stainless steel or something else - that truly contained no BPA so that she could be absolutely sure that she was being as safe as she could be.

## CAUSES OF ACTION

### COUNT I
### (Violation of State Consumer Protection Statutes)

29.     Plaintiff and members of the Class incorporate by reference the allegations above and re-allege each as though fully set forth herein.

30.     Plaintiff and the members of the Class are consumers that purchased Gaiam reusable aluminum bottles containing BPA for personal, family or other household purposes.

- 6 -                                     CLASS ACTION COMPLAINT

31.     Defendants had a statutory duty to refrain from unfair or deceptive acts or practices in the promotion and sale of these bottles to Plaintiff and the proposed Class members.

32.     Defendants violated this duty by misrepresenting or failing to disclose to consumers that the Gaiam bottles they were purchasing contained BPA.  In addition, Defendants have engaged in conduct that creates a likelihood of confusion or misunderstanding.  Defendants intended Plaintiff and the other Class members to rely on these deceptive practices by continuing to purchase and use Defendants' products and services and pay increased and illegitimate charges.

33.     Plaintiff and members of the Class were directly and proximately injured by Defendants' deceptive practices by purchasing the bottles and/or paying more for the bottles than they otherwise should have paid had the true facts been known.

34.     Defendants' deceptive representations and material omissions to Plaintiff and the Class were, and are unfair and deceptive acts and practices.

35.     Defendants engaged in wrongful conduct, while at the same time obtaining, under false pretenses, significant sums of money from Plaintiff and the Class.

36.     Plaintiff and the Class members were deceived by Defendants' misrepresentations and material omissions.

37.     As a proximate result of Defendants' misrepresentations and omissions, Plaintiff and the Class have suffered ascertainable damages and are entitled to relief, in an amount to be determined at trial.

38.     Defendants' actions, as complained of herein, constitute unfair competition or unfair, unconscionable, deceptive or fraudulent acts or practices in violation of various state consumer protection statutes.

39.     Plaintiff and the Class seek redress for the aforementioned acts and practices in accordance with the following consumer protection statutes and specifically allege:

(a)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Ariz. Rev. Stat. § 44-1522. *et seq.*;

(b)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Ark. Code § 4-88-101. *et seq.*;

CLASS ACTION COMPLAINT

(c)   Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Cal. Bus. & Prof. Code § 17200. *et seq.*: Cal. Civ. Code § 1750, *et seq.*: Cal. Bus. & Prof. Code § 17500

(d)   Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Colo. Rev. Stat. § 6-1-105. *et seq.*;

(e)   Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Conn. Gen. Stat. § 42-1l0b, *et seq.*;

(f)   Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of 6 Del. Code § 2511, *ei seq.*;

(g)   Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of D.C. Code § 28-3901, *et seq.*;

(h)   Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Fla. Stat. § 501.201, *et seq.*;

(i)   Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Haw. Rev. Stat. § 480, *et seq.*:

(j)   Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Idaho Code § 48-601, *et seq.*;

(k)   Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of 815 ILCS § 505/l. *et seq.*:

(l)   Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Kan. Stat. ¶ 50-623, *et seq.*;

(m)   Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Md. Com. Law Code § 13-101, *et seq.*;

(n)   Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Mich. Stat. § 445-901, *et seq.*;

(o)   Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Minn. Stat. § 325F.67, *et seq.*;

CLASS ACTION COMPLAINT

(p)   Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Mo. Rev. Stat. § 407.010, *et seq.*;

(q)   Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Neb. Rev. Stat. § 59-1601, *et seq.*;

(r)   Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Nev. Rev. Stat. § 598.0903, *et seq.*;

(s)   Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.H. Rev. Stat. § 358-A:1, *et seq.*;

(t)   Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.J. Stat. Ann. § 56:8-1, *et seq.*;

(u)   Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.M. Stat. Ann. § 57-12-1, *et seq.*;

(v)   Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.Y. Gen. Bus. Law § 349, *et seq.*;

(w)   Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.C. Gen. Stat. § 75-1.1, *et seq.*;

(x)   Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.D. Cent. Code § 51-15-01, *et seq.*;

(y)   Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Ohio Rev. Stat. § 1345.01, *et seq.*;

(z)   Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Okla. Stat. Tit. 15 § 751, *et seq.*;

(aa)  Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Or. Rev. Stat. § 646.605, *et seq.*;

(bb)  Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of 73 Pa. Stat. § 201-1, *et seq.*;

(cc)  Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of R.I. Gen. Laws. § 6-13.1-1, *et seq.*;

CLASS ACTION COMPLAINT

(dd)   Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of S.C. Code Laws § 39-5-10, *et seq.*;

(ee)   Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of S.D. Code Laws § 37-24-1, *et seq.*;

(ff)   Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Tenn. Code § 47-18-101, *et seq.*:

(gg)   Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Utah Code Ann. § 13-1 1-1, *et seq.*;

(hh)   Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Vt. Stat. Ann. Tit. 9, § 245 1, *et seq.*:

(ii)   Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Wash. Rev. Code § 19.86.010, *et seq.*;

(jj)   Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Wis. Stat. § 100.18, *et seq.*

40.   Plaintiff and the members of the Class were injured by Defendant's conduct because Plaintiff and the Class would not have purchased Defendant's water bottles or would have paid much less absent Defendant's unfair, unlawful and deceptive practices.  Plaintiff and Class members are entitled to damages, restitution, disgorgement, and/or other such orders or judgments as may be necessary to restore to any person in interest, any money which may have been acquired by means of such unfair practices and to the relief set forth below.

## COUNT II
### (Unjust Enrichment)

41.   Plaintiff re-alleges all prior paragraphs of this Complaint as though fully set forth herein.

42.   As a result of Defendants' course of conduct as alleged herein, many consumers were misled and injured by, among other things, Defendant's sale of water bottles containing BPA.

CLASS ACTION COMPLAINT

43.    Defendants' conduct also caused Plaintiff and members of the Class damage including, *inter alia*, payment of higher prices for Gaiam water bottles than they otherwise would have paid in the absence of Defendants' material misrepresentations.

44.    If consumers had learned of Defendants' misconduct as alleged herein, many consumers would have lessened or stopped doing business with Defendant's altogether.

45.    Thus, Defendants have been unjustly enriched in that they received and retained the benefits of the proceeds from substantial sales of water bottles, which they would not have made in the absence of their misconduct as alleged herein. These benefits were obtained from, and to the detriment of, Plaintiff and the Class members.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

a.   That the Court determine that this action may be maintained as a class action under Rules 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure, that Plaintiff be certified as class representative and Plaintiff's counsel be appointed as counsel for the Class;

b.   That the unlawful conduct alleged herein be adjudged and decreed to be illegal and in violation of the state and common law claims alleged herein;

c.   That Defendants be enjoined from engaging in the same or similar unfair business practices alleged herein;

d.   That Plaintiff and the Class recover damages, as provided by law, determined to have been sustained as to each of them, and that judgment be entered against defendants on behalf of Plaintiff and the Class;

e.   That Plaintiff and the Class recover punitive damages against Gaiam, consistent with the degree of Gaiam's willful, wanton, and malicious conduct, as provided by law;

f.    That Plaintiff receive restitution and disgorgement of all Defendant's ill-gotten gains;

CLASS ACTION COMPLAINT

g.   That Plaintiff and the Class receive pre-judgment and post-judgment interest;

h.   That Plaintiff and the Class recover their costs of the suit, including attorneys' fees, as provided by law; and

i.   For such other and further relief as is just under the circumstances.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable.

DATED: October 26, 2009

Respectfully submitted,

GERGOSIAN & GRALEWSKI LLP
ROBERT J. GRALEWSKI, JR.

Robert J. Gralewski, Jr.
655 West Broadway, Suite 1410
San Diego, CA 92101

Michael J. Flannery
CAREY & DANIS, LLC
8235 Forsyth Boulevard, Suite 1100
St. Louis, MO 63105

*Attorneys for Plaintiff*

CLASS ACTION COMPLAINT

%JS 44   (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| ERINN TOZER, on behalf of herself and all others similarly situated | GAIAM, INC.    09 OCT 26  PM I2: 50 |

| (b)  County of Residence of First Listed Plaintiff  San Diego County | County of Residence of First Listed Defendant  U.S. Boulder County |
|---|---|
| (EXCEPT IN U.S. PLAINTIFF CASES) | (IN U.S. PLAINTIFF CASES ONLY) OF CAL... |
| | NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.   BY: |
| | DEPUTY |

(c)  Attorney's (Firm Name, Address, and Telephone Number)
Robert J. Gralewski, Jr., Gergosian & Gralewski LLP, 655 West Broadway, Suite 1410, San Diego, CA 92101, 619-237-9500

Attorneys (If Known)

**09 CV 2388 LAB     WMc**

## II.  BASIS OF JURISDICTION   (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III.  CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V.  ORIGIN   (Place an "X" in One Box Only)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. Section 1332 (d)(2)(A); 1331

Brief description of cause:
Unfair and deceptive business practices in the marketing and selling of products containing chemicals.

## VII.  REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $    CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII.  RELATED CASE(S) IF ANY
(See instructions):    JUDGE                    DOCKET NUMBER

DATE
10/26/2009

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # 6659   AMOUNT 350.00   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

MS 10/26/09

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS006659
Cashier ID: msweaney
Transaction Date: 10/26/2009
Payer Name: GERGOSIAN AND GRALEWSKI LLP
--------------------------------
CIVIL FILING FEE
 For: ERINN TOZER V GAIAM INC
 Case/Party: D-CAS-3-09-CV-002388-001
 Amount:        $350.00
--------------------------------
CHECK
 Check/Money Order Num: 6057
 Amt Tendered:  $350.00
--------------------------------
 Total Due:     $350.00
 Total Tendered: $350.00
 Change Amt:    $0.00


There will be a fee of $45.00
charged for any returned check.
```